PER CURIAM.
This is an appeal from a summary denial of a Rule 3.850, Florida Rules of Criminal Procedure motion.
In his motion to vacate, the appellant alleged he was entitled to relief from his ten-year sentence for violation of probation because the original offense occurred before the creation of sentencing guidelines and he was not given the right or the necessary knowledge to elect whether or *1047 not he wanted to be sentenced under the sentencing guidelines in effect at the time. He further contended that failure of counsel to adequately instruct him of this fact prior to pleading to the probation violation charge constituted ineffective assistance of counsel. (The appellant was apparently sentenced outside the guidelines even though a score sheet was prepared.)
Pursuant to motion by the state this court relinquished jurisdiction to the trial court for purposes of resentencing. At that time, after full explanation of the consequences, the appellant elected sentencing under the guidelines. Computation of points thereunder totaled 232 (which included points for 2 prior offenses) calling for a sentence of 7 to 9 years. Pursuant to Rule 3.701 d 14, Florida Rules of Criminal Procedure the trial court increased it to the next guideline range and sentenced the appellant to 10 years.
The appellant filed what he called a Traverse to the Status Report — Resentencing, wherein he alleged incompetency of counsel at the resentencing hearing because he permitted the trial court to compute into the guidelines a prior offense that was 16 years old and was not utilized in computing the score sheet at the time of the original sentencing even though it was known by the trial court.
After reviewing the record of the hearing on resentencing, we find that this allegation is without merit. However, in reviewing the sentencing guideline sheet we find an error that was not raised. The appellant was assessed 36 points for being under legal constraint at the time of the offense. This is refuted by the record. Therefore, the point total should not be 232, but should be 196, which calls for a 4 and lk to 5 and lh year sentence, increasing it to the next cell (guideline range) the maximum sentence that could have been imposed was 9 years. Therefore, the sentence is reversed and the matter returned to the trial court for resentencing.
Reversed with directions.